# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MAURICE BELL,**

    **Plaintiff,**

**VS.**                                          **Case No. 4:16cv278-WS/CAS**

**STATE OF FLORIDA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this civil rights case on May 12, 2016. ECF No. 1. Plaintiff was granted in forma pauperis status pursuant to 28 U.S.C. § 1915, ECF No. 5, and has now paid the initial partial filing fee. ECF No. 6. Therefore, it is now appropriate to review the complaint as is required by 28 U.S.C. § 1915A.

Plaintiff complains that his due process and equal protection rights have been violated, and he contends he has been denied access to the courts. ECF No. 1 at 8. He alleges that after his criminal conviction was affirmed, he filed a Rule 3.850 motion. *Id.* at 9-10. Following an evidentiary hearing, his motion was denied and affirmed on appeal. *Id.* at

10.  Plaintiff then filed a motion to correct illegal sentence which was denied, and also affirmed on appeal.  *Id.*  Plaintiff then filed a Rule 3.850 motion asserting newly discovered evidence concerning his plea bargain, which was denied without prejudice.  *Id.* at 10-11.  Plaintiff filed an amended motion, again raising his newly discovered evidence claim.  *Id.* at 11.  Plaintiff states that the "court concluded that [he] was abusing the judicial process by filing meritless claims and issued an order prohibiting [him] from any further pro se filings in that case number."  *Id.*

Plaintiff alleges that he filed a petition for writ of habeas corpus in the Florida First District Court of Appeal requesting that court lift the order entered by the circuit court.  *Id.* at 11.  Plaintiff's request was denied, as was his additional request to the Florida Supreme Court for the same relief.  *Id.*  Plaintiff argues that he only filed three post conviction motions[1] and

---

[1] Although Plaintiff says he filed only three post conviction motions, it appears that he has filed more than three challenges to his conviction.  See Bell v. State, 814 So. 2d 1029 (Fla. 1st DCA 2002) (appeal, case no. 1D00-3653); Bell v. State, 883 So. 2d 280 (Fla. 1st DCA 2004) (appeal, case no. 1D03-5288); Bell v. State, 911 So. 2d 100 (Fla. 1st DCA 2005) (appeal, case no. 1D05-3177); Bell v. Crosby, No. 404cv00505-MP-EMT, 2006 WL 314398, at *1 (N.D. Fla. Feb. 8, 2006) (petition for writ of habeas corpus); Bell v. McDonough, No. 4:06cv416-WS, 2006 WL 3820520, at *1 (N.D. Fla. Dec. 26, 2006) (successive petition for writ of habeas corpus);  Bell v. Crosby, No. 404-CV-505-MP-EMT, 2007 WL 2363892 (N.D. Fla. Aug. 14, 2007) (denial of certificate of appealability); Bell v. State, 967 So. 2d 200 (Fla. 1st DCA 2007) (appeal, case no. 1D07-1091); Bell v. State, 6 So. 3d 54 (Fla. 1st DCA 2009) (case no. 1D09–0950, petition for writ of habeas corpus); Bell v. McNeil, 17 So. 3d 705 (Fla. 2009) (petition for

"there is no evidence of bad faith" on his part.  Id.  Plaintiff contends that the circuit's order barring him from future filings is excessive, harsh, and abusive.  Id.  Plaintiff requests that this Court "settle the issue."  Id.  His specific request for relief is to "enter an order lifting the bar so that [Plaintiff] may once again freely exercise his constitutional right to seek justice in the court of law."  Id. at 8.  Plaintiff also requests this Court declare Spencer v. State[2] and a portion of Rule 3.850 unconstitutional as applied.  Id. at 8-9.

Plaintiff may not seek to overturn a state court's final judgment in this Court.  Symonette v. Aurora Loan Servs., LLC, 631 F. App'x 776, 778 (11th Cir. 2015).  The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in

---

writ of habeas corpus); Bell v. Florida, 71 So. 3d 923 (Fla. 1st DCA 2011) (case no. 1D11-4950, petition for writ of habeas corpus);Bell v. State, 109 So. 3d 808 (Fla. 1st DCA 2013) (Case No. 1D13–0049, petition alleging ineffective assistance of appellate counsel).

   [2] The case Plaintiff intended to cite is State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999).  In Spencer, the Florida Supreme Court considered "whether a trial court must first provide a litigant notice and a reasonable opportunity to respond before prohibiting further pro se attacks on his or her conviction and sentence as a sanction for prior repeated and frivolous motions."  751 So.2d at 48.

Case No. 4:16cv278-WS/CAS

state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)).  That is the essence of Plaintiff's claim in this Court: that the state court judgment is wrong and violates his rights.  Review of such a state judgment may be obtained by filing an appeal in the state courts of Florida and then ultimately seeking review in the United States Supreme Court.  However, this Court lacks jurisdiction to overturn the state court order challenged by Plaintiff.

Furthermore, to the degree Plaintiff requests this Court invalidate the holding of State v. Spencer, the case which presumably authorized the order of the state circuit court Plaintiff seeks to challenge, this Court cannot provide him relief. "[L]ower federal courts possess no power whatever to sit in direct review of state court decisions." Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 296, 90 S. Ct. 1739, 1748, 26 L. Ed. 2d 234 (1970).  Relief lies through appeals to higher state courts and the

United States Supreme Court.  This Court lacks jurisdiction to overturn a decision from the Florida Supreme Court in Spencer.[3]

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2016.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Moreover, the state courts of Florida have the same power inherent possessed by a federal court: the authority to issue orders restricting litigants who "repeatedly make frivolous filings and abuse the judicial process."  See Wells v. Miller, — F. App'x —, No. 15-15631, 2016 WL 3356847, at *1 (11th Cir. June 17, 2016) (citing State v. Spencer, 751 So. 2d 47 (Fla. 1999), and finding that Wells retained the right to appeal and to seek writs of mandamus to require judges to perform nondiscretionary duties); see also Claudio v. Sec'y, Dep't of Corr., No. 3:13-CV-178-J-39JRK, 2015 WL 5996932, at *6 (M.D. Fla. Oct. 14, 2015) (noting "a court can restrict future pro se pleadings after giving notice and providing the defendant with an opportunity to respond."). "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994) (quoted in Williams v. Sec'y, Dep't of Corr., No. 507-CV-97-OC-10GRJ, 2009 WL 1513412, at *3 (M.D. Fla. May 27, 2009)).

Case No. 4:16cv278-WS/CAS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:16cv278-WS/CAS