# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

MAURICE BELL,

    Plaintiff,

VS.                          Case No. 4:16cv278-WS/CAS

STATE OF FLORIDA,

    Defendant.
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff initiated this civil rights case on May 12, 2016. ECF No. 1. Plaintiff was granted in forma pauperis status, ECF No. 5, but upon review of the complaint as required by 28 U.S.C. § 1915A, a Report and Recommendation was entered recommending dismissal because this Court does not have jurisdiction to overturn the decision of the Florida Supreme Court which was challenged by Plaintiff. ECF No. 7. The Report and Recommendation was adopted and the case dismissed on July 28, 2016, for lack of subject matter jurisdiction. ECF Nos. 11-12.

Plaintiff filed a notice of appeal, ECF No. 13, but his appeal was dismissed for failure to prosecute in September 2016. ECF No. 18. On

April 10, 2017, Plaintiff filed a "motion to vacate" pursuant to Rule 60(b). ECF No. 21. Although the motion is not properly signed as required at the conclusion of the motion, ECF No. 21 at 6, Plaintiff did sign the "certificate of service." ECF No. 21 at 7. That signature is accepted for purposes of Rule 11 and Local Rule 5.1(E).

Plaintiff contends the Court erred by adopting the undersigned magistrate judge's Report and Recommendation without verifying "any fact-merits based disposition." ECF No. 21 at 2. Plaintiff's motion is frivolous. The case was dismissed *not* on the merits but for lack of subject matter jurisdiction. Accordingly, there was no need to verify any facts.

Plaintiff provides no other basis in his motion for granting relief under Rule 60(b)'s six subsections.[1] Therefore, the motion should be denied.

---

[1] The six provisions are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion to vacate, ECF No. 21, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 11, 2017.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**